G. WALDO PARROTT *vs.* SAMUEL A. MARKOFF *et al.*

MAY 28, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Mechanic's Lien.   Notice.   Description of Premises.*

The fact that the preliminary notice as well as the commencement of legal proceedings, described an area larger than that appurtenant to the building upon which petitioner had performed work or for which he had furnished materials, does not vitiate the proceedings although there were other structures upon the area described but none upon that portion of the land upon which lienor was seeking to enforce his lien, where the evidence clearly identified the property and the court was justified in entering a decree confining its operation to the specific property and eliminating the excess of land described.

MECHANIC'S LIEN.   Heard on appeal of respondent and dismissed.

VINCENT, J.   This is a petition for a Mechanic's Lien brought by G. Waldo Parrott against Samuel A. Markoff and Charles A. Markoff.

The case was heard by a justice of the Superior Court upon oral testimony, a decision was rendered for the petitioner and a final decree entered establishing his lien in the sum of $550.80 and ordering the sale of a certain parcel of land for the payment of the claim.

The case is now before us upon the appeal of the respondents who claim that (1) The land to be affected by the lien proceeding has not been sufficiently described in the lien notices or in the lien petition and that (2) The building upon

which the lien is claimed is not sufficiently described in the lien proceeding.

The respondents claim, and such appears to be the fact, that in the preliminary lien notice as well as in the commencement of the subsequent legal proceedings under Section 7, Chapter 257, Gen. Laws of 1909, an area larger than that appurtenant to the building upon which the petititioner had performed work or for which he had furnished materials was described and the respondents contend that such error in description vitiates the proceedings notwithstanding the fact that such description included the premises upon which a lien is claimed.

It also appears that upon the area described in the notice and later proceedings, there were other structures none of which however were located upon that portion of the land upon which the lienor was seeking to enforce his lien. The respondent Samuel A. Markoff admits, in his testimony before the trial court, that he supposed the lien proceedings referred to the shed which had recently been built and that at that time he had no other building on this property, presumably meaning that he had no other building in course of construction.

From an examination of the transcript of testimony taken in the Superior Court it appears that the property upon which the petitioner claims a lien was clearly identified and that the decree entered in that court was in its operation confined thereto, the excess of land described in the notice and subsequent procedure being eliminated. It is evident from the testimony of one of the respondents that he had no difficulty in understanding to what building such proceedings referred.

We do not think that under the conditions which prevailed the inclusion of a larger area should be permitted to vitiate the proceedings. It appears to us that the Superior Court was fully justified in entering the decree which it did.

The respondents seem to place much reliance upon *Hawkins* v. *Boyden*, 25 R. I. 181, in support of their con-

tention that the notice in the present case is fatally defective. In that case the court said, "The commencement of legal process consists in lodging the account in the town clerk's office, with notice to what land and buildings and to what and whose estate the demand refers. This notice is to inform the owner and the public of the nature and extent of the account for which the lien is sought. Hence, an omission in that notice is substantial. Being a notice of claim of lien, whatever is omitted in it cannot be supplied by amendment. It would not operate as a notice if it could be extended by amendment."

The petitioner here is not seeking any benefit to be derived from an extension of the notice. He is only contending that a notice which describes more than he is entitled to does not vitiate the proceeding and deprive him of his lien, provided such notice is sufficient to acquaint the owner and the public as to the land and buildings and to whose estate his demand refers.

In *Murphy* v. *Guisti, et al.*, 22 R. I. 588, the petitioner stated in his notice a claim for materials and labor. He had no claim for labor, but the court said "Although they have no claim for labor, we do not think that making a claim for more than one can show that he is entitled to, so vitiates the proceedings as to render it void."

The respondents' appeal is denied and dismissed. The decree of the Superior Court is affirmed and the cause is remanded to that court for further proceedings.

*George F. Troy*, for petitioner.

*McGovern & Slattery*, for respondents.